IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERONY PRATT, INDIVIDUALLY | * | |
| AND AS REPRESENTATIVE OF THE | * | |
| ESTATE OF WAYNE PRATT, | * | |
| DECEASED | * | |
| | * | |
| VS. | * | |
| | * | |
| HARRIS COUNTY, TEXAS; HARRIS | * | C.A. NO. 4:12-CV-01770 |
| COUNTY SHERIFF, ADRIAN GARCIA; | * | |
| DEPUTY MICHAEL MEDINA, DEPUTY | * | JURY DEMAND |
| VINCENT LOPEZ, DEPUTY TARZIS | * | |
| LOBOS, DEPUTY BRIAN GOLDSTEIN, | * | |
| DEPUTY TOMMY WILKS, JR., DEPUTY | * | |
| FRANCISCO SALAZAR, DEPUTY | * | |
| B.J. AUZENE, DEPUTY R. | * | |
| DeALEJANDRO, JR., DEPUTY R.M. | * | |
| GOERLITZ, SERGEANT E.M. JONES, | * | |
| SERGEANT M. COKER AND JOHN DOE | * | |
| EMPLOYEES OF HARRIS COUNTY | * | |
| SHERIFF DEPARTMENT | * | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, ERONY PRATT, Individually and as Representative of the Estate of Wayne Pratt, Deceased, and files this Plaintiff's First Amended Complaint against Defendants, and shows:

### I.

### Removal

1.    This case was originally filed in the 295th Judicial District Court of Harris County, Texas, and was removed to this Court.

1

## II.

## Conditions Precedent

2.     Plaintiff has complied with all conditions precedent including notice.

## III.

## Parties

3.     Plaintiff is a resident citizen of Houston, Harris County, Texas.

4.     Defendant, HARRIS COUNTY, TEXAS, has appeared herein.

5.     Defendant, ADRIAN GARCIA, the Harris County Sheriff, has appeared herein.

6.     Defendant, MICHAEL A. MEDINA, a Harris County Sheriff's Department Deputy, has appeared herein.

7.     Defendant, VINCENT D. LOPEZ, a Harris County Sheriff's Department Deputy, has appeared herein.

8.     Defendant, BRIAN N. GOLDSTEIN, a Harris County Sheriff's Department Deputy, has appeared herein.

9.     Defendant, TOMMY M. WILKS, JR., a Harris County Sheriff's Department Deputy and may be served with process at 1200 Baker Street, Houston, Texas 77002.

10.    Defendant, FRANCISCO SALAZAR, is a Harris County Sheriff's Department Deputy, has appeared herein.

2

11.     Defendant, TARZIS LOBOS, a Harris County Sheriff's Department Deputy, has appeared herein.

12.     Defendant, B.J. AUZENNE, a Harris County Sheriff's Department Deputy, has appeared herein.

13.     Defendant, R. DeALEJANDRO, JR., a Harris County Sheriff's Department Deputy, has appeared herein.

14.     Defendant, R.M. GOERLITZ, a Harris County Sheriff's Department Deputy, has appeared herein.

15.     Defendant, E.M. JONES, a Harris County Sheriff's Department Sergeant, has appeared herein.

16.     Defendant, M. COKER, a Harris County Sheriff's Department Sergeant, has appeared herein.

17.     Defendants, JOHN DOE EMPLOYEES OF HARRIS COUNTY SHERIFF'S DEPARTMENT, are individual employees of the Harris County Sheriff's Department who were policymakers and/or supervisors of the Defendant deputies.

## IV.

## Venue

18.     Venue is proper in Harris County as Harris County is a defendant, and all or part of the events giving rise to the cause of action occurred in Harris County, Texas.

3

## V.

### Federal and State Claims

19.   This case arises out of the death of Wayne Pratt, son of Erony Pratt, whose death was a result of excessive and brutal force used by Harris County Sheriff Deputies including, but not limited to: hog-tying and tasering Wayne Pratt.  Individually, and on behalf of Wayne Pratt's estate, Erony Pratt brings suit pursuant to 42 U.S.C. § 1983 ("§ 1983") since the Defendants, while acting under color of state law, deprived Wayne Pratt and/or Erony Pratt of rights under the Fourth and Fourteenth Amendments to the United States Constitution and violated the laws of the State of Texas.  Erony Pratt also brings suit, individually and on behalf of Wayne Pratt's Estate pursuant to the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE §§ 71.002 and 71.021 and Texas common law.

## VI.

### The Defendants in Relation to Plaintiff

20.   Defendant, Harris County, is organized and exists under the laws of the State of Texas.  At all relevant times hereto, Defendant Harris County was a "person" within the meaning of § 1983.  At all relevant times hereto the individual Defendants, Adrian Garcia, Deputy Michael A. Medina, Deputy Vincent D. Lopez, John Doe Deputies, Deputy Brian N. Goldstein, Deputy Tommy M. Wilks, Jr., Deputy Francisco

Salazar, Deputy Tarzis Lobos, Deputy Auzene, Deputy R. DeAlejandro, Deputy R. Goerlitz, and John Doe employees of Harris County Sheriff's Department were all acting within the course and scope of their employment with Defendant, Harris County.   All actions by all Defendants were made under color of state law.  All actions that form the basis of this lawsuit were performed pursuant to policies and procedures, customs and/or practices of Defendant, Harris County.  It is the Defendant Harris County's responsibility and duty to promulgate, implement, train and enforce policies and procedures prohibiting unlawful detentions and  arrests in violation of minimum Constitutional and statutory requirements; to appropriately hire, fire, discipline, train and supervise the sheriff and sheriff's deputies; and to not hire or retain sheriff's deputies with a known propensity for police misconduct.

21.   Defendants Adrian Garcia, Deputy Michael A. Medina, Deputy Vincent D. Lopez, Deputy Brian N. Goldstein, Deputy Tommy M. Wilks, Jr., Deputy Francisco Salazar, Deputy Tarzis Lobos, Deputy Auzene, Deputy R. DeAlejandro, Deputy R. Goerlitz, Sergeant E.M. Jones, Sergeant M. Coker, and John Doe employees of Harris County Sheriff's Department are individuals employed by Harris County through the Sheriff's Department and at all times acted under color of state law. Defendant, Adrian Garcia was at all relevant times the Sheriff of Harris County, Texas.  It is each Defendants' duty and responsibility to treat all

5

persons, including decedent, Wayne Pratt and his family, in compliance with Constitutional and statutory requirements and in compliance with Defendant Harris County's rules, regulations, policies, and procedures, customs and/or practices relating to the use of force, searches, and seizures.  It is the duty and responsibility of the Sheriff and Defendant supervisors to promulgate and implement policies and procedures prohibiting unlawful arrests, searches and seizures conducted in an objectively unreasonable manner in violation of minimum Constitutional and statutory requirements and in compliance with Constitutional and statutory requirements and in compliance with Defendant, Harris County's rules, regulations, policies, and procedures, customs and/or practices relating to the use of force, searches, and seizures.  It is the duty and responsibility of the Sheriff and Defendant supervisors to promulgate and implement policies and procedures prohibiting unlawful arrests, seizures conducted in an objectively unreasonable manner in violation of the minimum Constitutional and statutory requirements.  It is further their responsibility to hire, fire, discipline, train, and supervise deputies under their command.  It is further their duty and responsibility to not hire or retain deputies with a known propensity for police misconduct.  It is further Defendant supervisors' duty and responsibility to train their officers in the safe detention, care and

6

handling of potentially impaired citizens.  The Defendants are being sued in this lawsuit in both their individual and official capacities.

## VII.

### Jurisdiction

22.    The state court in which this case was originally filed had jurisdiction over Plaintiffs' claims under the Texas Tort Claims Act ("TTCA") is conferred by TEX. CIV. P. & REM. CODE §§101.021, 101.025, 101.215, 101.102.  This Court now has pendent jurisdiction over those claims.  Defendant Harris County has waived immunity from suit under the provisions of the TTCA in that the injuries to Wayne Pratt resulted from the use or misuse of tangible personal property in that the taser, handcuffs, chains, and/or other restraints that caused and/or contributed to cause the injuries to Wayne Pratt were the property of and/or used/misused by Defendants.  Defendant Harris County received actual and/or constructive notice of the claims asserted herein in accordance with the provisions of TEX. CIV. P. & REM. CODE § 101.101. This Court also has jurisdiction over Plaintiff's Constitutional claims for which redress is provided by 42 U.S.C. § 1983: "State as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983, which creates a remedy for violations of federal rights committed by persons acting under color of state law." *Howlett v. Rose*, 496 U.S. 356, 358 (1990).

7

## VIII.

### Incident as Understood by Plaintiff

23.   On May 12, 2010, Wayne Pratt was involved in a minor automobile accident.  Harris County Sheriff's Office Deputies, Brian N. Goldstein, Michael A. Medina, Vincent D. Lopez, Tommy M. Wilks, Jr, Francisco Salazar, Tarzis Lobos, Auzenne, R. DeAlejandro, and R. Goerlitz responded.

24.   Deputy Vincent Lopez deployed his taser and one probe struck Wayne Pratt in his left leg.

25.   Deputy Michael A. Medina deployed his taser and the probes struck Wayne Pratt in the upper left shoulder and left hip.  Deputy Medina recycled his taser while Wayne Pratt was on the ground.  Deputy Lopez also recycled his taser.

26.   Deputies Lobos and Goldstein handcuffed Wayne Pratt's wrists behind his back.  As Deputies Salazar and Goldstein were holding Wayne Pratt down, Deputy Medina delivered a dry or drive stun to Wayne Pratt's back with his taser and Deputy Wilks applied a hobble to Wayne Pratt's ankles and attached it to the handcuffs, a technique commonly referred to as hog-tying.  Deputies Auzenne, DeAlejandro, and Goerlitz arrived on the scene and observed Wayne Pratt hog-tied.

27. Thereafter, Emergency Medical Services (EMS) were summoned to treat Wayne Pratt. EMS arrived and observed Wayne Pratt hogtied in the roadway. While treating Wayne Pratt, EMS checked Wayne Pratt's pupils and observed them to be fixed without reaction. Thereafter, the handcuffs and hobble were removed, and Wayne Pratt was repositioned in a supine position. He was found to be pulseless and apnic. CPR was initiated. Wayne Pratt was transported to East Houston Hospital where he died. Wayne Pratt's treating physician registered his death as a homicide.

28. The use of force against Wayne Pratt was reviewed by Sergeant M. Coker of the Harris County Sheriff's Department. Sergeant Coker determined that the use of force was justified under the circumstances and was not a violation of department policy, procedures, federal law or state law.

29. The use of force against Wayne Pratt was also reviewed by Sergeant E. M. Jones of the Harris County Sheriff's Department. He determined that the TASER deployment was in accordance with the Harris County Sheriff's Department Policies #501 Use of Force and #503 Use of Incapacitation Devices.

30. The individual defendants named herein do not have qualified immunity because the right to be free of excessive force or to be killed during an arrest is so clearly established that defendants were

9

on notice that they were violating Pratt's 4th amendment right to be free from an unreasonable seizure and his 14th amendment substantive due process right to life.

## IX.

## Defendants' Liability and Lack of Qualified Immunity

31.   As further described herein, the manner defendants Wilks, Medina, Salazar, and Goldstein used the tasers, the manner they used the hog tie, and the combined manner they used the taser and hog tie, constituted an unreasonable seizure in violation of Pratt's 4th and 14th amendment rights, and violated Pratt's substantive due process right to life in a way that shocks the conscience by the arbitrary and brutal nature of the conduct, the results, and the deliberate indifference.

32.   And, the manner defendants Auzene, DeAlejandro, Goerlitz, and Lobos failed to prevent, or attempt to prevent, the other defendants from using excessive force, or to protect Pratt from the other defendants' unconstitutional conduct, or to provide or attempt medical care or assistance constituted a breach of their duties owing to Pratt, and was an unreasonable seizure in violation of Pratt's 4th and 14th amendment rights, and violated Pratt's substantive due process right to life in a way that shocks the conscience by the arbitrary and brutal nature of the conduct, the results, and the deliberate indifference.

10

33. And, Harris County, Harris County Sheriff's Department, Adrian Garcia, Coker, Jones, and other unknown supervisors (1) failed to properly supervise the other defendants, and that failure caused the other defendants improper acts, actions, and/or omissions, and/or (2) endorsed the taser and hog tie acts described herein, when less intrusive or harmful techniques were available, and/or (3) maintained inadequate policies and/or customs, and/or (4) were reckless or grossly negligent in training, supervising, or disciplining deputies regarding improper taser and/or hog tie methods, and therefore implicitly approved or acquiesced in the unreasonable seizure in violation of Pratt's 4th and 14th amendment rights, and violated Pratt's substantive due process right to life in a way that shocks the conscience by the arbitrary and brutal nature of the conduct, the results, and the deliberate indifference.

34. The acts and omissions of all defendants constitute gross negligence.

35. Ms. Pratt is the mother of Pratt, was deprived of her due process right to be free from state interference with her parent-child relationship by the acts of all defendants, and therefore, and as further described herein, is entitled to recover damages under 42 U.S.C. 1983 and the laws of the State of Texas.

11

36.    Defendants' liability and lack of qualified immunity is further explained in the following.

## X.

### FIRST CLAIM FOR RELIEF

### Unconstitutional Use of Excessive Force 42 U.S.C. § 1983 Violation of 4th Amendment by Defendants, Wilks, Medina, Salazar, and Goldstein

37.    Wayne Pratt was entitled to be free and is protected from unlawful seizure of his person by and pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

38.    The acts and omissions of Defendant Deputies Wilks, Medina, Salazar and Goldstein violated Wayne Pratt's protected rights and were an extreme and excessive seizure of his person without probable cause, were objectively unreasonable based on the totality of circumstances and violated the rights held by Wayne Pratt, to his life and the integrity of his person, those rights fully protected by the 4th and 14th Amendments to the United States Constitution.

39.    The acts of Defendant Deputies Wilks, Medina, Salazar and Goldstein, individually and in concert with each other, that Plaintiff claims were objectively unreasonable are more particularly set for the below:

- Defendant Deputies Wilks, Medina, Salazar and Goldstein failed to use an objectively reasonable assessment of the facts when they decided to dry or drive taser Wayne Pratt and/or hog-tie Wayne Pratt, while being held by two Deputies even after observing that

12

Wayne Pratt was not then presenting any objective danger to others or themselves and was unarmed.

- Defendant Deputies Wilks, Medina, Salazar and Goldstein made a choice to unreasonably use force and this decision to use force did not relate in any way to a proper and conscious assessment of danger and was objectively unreasonable under the circumstances.

- Defendant Deputies Wilks, Medina, Salazar and Goldstein failed to use a degree of force less than Taser when that choice was objectively unreasonable under the circumstances.

- Defendant Deputies Wilks, Medina, Salazar and Goldstein failed to use a degree of restraint less than hog-tying when that choice was objectively unreasonable under the circumstances.

Defendant Deputies Wilks, Medina, Salazar and Goldstein knew or reasonably should have known that their conduct was below the standard prescribed by law herein.

40.    As a result of the violations of the Constitutional standards set for the herein, Wayne Pratt was treated inhumanely and incurred extreme pain, injury, and demise.

41.    As a result of these Constitutional violations to Wayne Pratt and the injuries he incurred, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XI.

## SECOND CLAIM FOR RELIEF

### Unconstitutional Use of Deadly Force 42 U.S.C. §1983 Violation of 4th Amendment by Defendants Deputies Wilks, Medina, Salazar, Lopez and Goldstein Unlawful Seizure of Person-Unreasonable Use of Excessive Force

42.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

43.    Wayne Pratt was entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution, and was also entitled to be safe and secure from undue and unreasonable excessive force.

44.    The acts and omissions of Defendant Deputies Wilks, Medina, Salazar, Lopez and Goldstein violated Wayne Pratt's protected rights and were an excessive seizure of his person and were objectively unreasonable based on the totality of circumstances.  There existed no objectively reasonable facts that would have supported any belief that Wayne Pratt presented a danger to themselves or others.  Defendants violated the requirements of the 4th and 14th Amendments and the rights held by Wayne Pratt, as they related to his life and the integrity and safety of his person and amounted to an unconstitutional use of force.

45.    The acts of Defendant Deputies Wilks, Medina, Salazar, Lopez and Goldstein, individually and in concert with each other that it

14

alleges to be objectively unreasonable are more particularly set forth below:

- Defendant Deputies Wilks, Medina, Salazar, Lopez and Goldstein failed to utilize an objectively reasonable assessment of the facts, attacked Wayne Pratt with Taser weapons, discharged high levels of electric shock into his body, even after observing that he was obviously disoriented, unarmed and not then presenting any objective danger to others or themselves.
- Defendant Deputies Wilks, Medina, Salazar, Lopez and Goldstein made a choice to use excessive force against Wayne Pratt when he presented no danger to the deputies or others and the use of such force was objectively unreasonable under the circumstances.
- Defendant Deputy Wilks had no reason to believe that Wayne Pratt presented any danger to themselves or others and as a consequence the decision to use prone restraint on Wayne Pratt was objectively unreasonable under the circumstances.
- Defendant Deputies Salazar and Goldstein in holding Wayne Pratt on the ground with his hands cuffed behind his back while Deputy Lopez tasered him and Deputy Wilks hog-tied him was objectively unreasonable under the circumstances.

46.    At no time during the events described herein did Wayne Pratt pose a danger or threat of serious harm to anyone at the scene. At the time that he was dry tasered and hog-tied Wayne Pratt was not physically capable of fleeing or resisting, and it would be clear that a reasonable agent or officer should understand that the violent and unnecessary force used against Wayne Pratt under these circumstances would be unlawful in this situation.

47.    In short, Deputies Wilks, Medina, Salazar, and Goldstein are liable to plaintiff because their acts and omissions constituted an unreasonable seizure in violation of Pratt's 4th and 14th amendment

rights, and violated his substantive due process right to life.  As a result of these Constitutional violations to Wayne Pratt and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XII.

### THIRD CLAIM FOR RELIEF

### Failure to Protect 42 U.S.C. §1983 Violation of 4th Amendment by Defendants, Deputy Auzene, Deputy DeAlejandro, Deputy Goerlitz and Deputy Lobos

48.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

49.    Wayne Pratt was entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution, and was also entitled to be safe and secure from undue and unreasonable excessive force, John Doe deputies present on the scene failed to protect Wayne Pratt from other deputies.

50.    Deputies Auzenne, DeAlejandro, Goerlitz, and Lobos had a constitutional duty to protect Wayne Pratt from the acts and omissions of other deputies, including but not limited to, Deputies Lopez, Medina, Wilks, Salazar and Goldstein which violated Wayne Pratt's constitutionally protected rights against excessive force, including

16

deadly force, and were objectively unreasonable based on the totality of circumstances.  There existed no objectively reasonable facts that would have supported any belief that Wayne Pratt presented a danger to themselves or others.  Defendants violated the requirements of the 4th and 14th Amendments and the rights held by Wayne Pratt, as they related to his life and the integrity and safety of his person and amounted to a failure to protect against an unconstitutional use of force.

51.    In short, Debuties Auzenne, DeAlejando, Goerlitz, and Lobos are liable to plaintiff because their acts and omissions constituted an unreasonable seizure in violation of Pratt's 4th and 14th amendment rights, and violated his substantive due process right to life.  As a result of these Constitutional violations to Wayne Pratt and the injuries he incurred, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

### XIII.

### FOURTH CLAIM FOR RELIEF

### Failure to Supervise 42 U.S.C. § 1983 Violation of 4th Amendment

52.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

53.    Wayne Pratt was entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution, and was also entitled to be safe and

secure from undue and unreasonable excessive force and Defendants, Adrian Garcia, and as of how unknown supervisors failed to properly supervise all Defendant Deputies.

54.    Defendants Sheriff Adrian Garcia, Sergeant Jones, Sergeant Coker, and John Doe employees of Harris County Sheriff's Department had a constitutional duty to supervise the named Defendant Deputies in order to protect Wayne Pratt from the acts and omissions of these Defendant Deputies, which violated Wayne Pratt's constitutionally protected rights against excessive force, including but not limited to deadly force, and were objectively unreasonable based on the totality of circumstances.  There existed no objectively reasonable facts that would have supported any belief that Wayne Pratt presented a danger to himself or others or other facts that would justify the excessive use of force under the circumstances.  Defendants violated the requirements of the 4th Amendment and the rights held by Wayne Pratt, as they related to his life and the integrity and safety of his person and amounted to a failure to supervise in a manner to protect against an unconstitutional use of force.

## XIV.

## FIFTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Harris County Unlawful Policy by Acts of Official Policy Maker

55.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

56.    The acts of Defendants alleged in this Petition were endorsed and approved by the Harris County, Harris County Sheriff's Department and employees including Sheriff Adrian Garcia, Sergeant Coker, Sergeant Jones and John Doe employees.

57.    The Sheriff of Harris County is an official policymaker and his actions in endorsing the illegal actions of his officers including allowing and endorsing unnecessary Taser weapon use on, and prone restraint of, obviously injured and/or intoxicated individuals, arrestees and/or detainees under the circumstances herein constitutes official policy of Harris County.  The endorsement of the actions of subordinate staff creates and enforces an unconstitutional and illegal policy.

58.    The policies endorsed by the Harris County Sheriff Department policy makers, including Defendant Adrian Garcia, Sergeant Jones, Sergeant Coker, and John Doe employees includes allowing unnecessary and/or excessive and/or repeated TASER use, including dry TASER, and/or hog-tying of obviously injured and/or impaired

19

individuals, arrestees and/or detainees under the circumstances herein violates the 4th and 14th Amendment protections held by Casey and are unconstitutional per se.

59.    The   policies   endorsed   by   the   Harris   County   Sheriff Department policy makers, including Defendant Adrian Garcia, including the use of force alleged herein are not authorized and/or approved by other Harris County policy makers because they are unnecessary and/or excessive and violate the 4th and 14th Amendment protections afforded citizens of Harris County and are unconstitutional per se.

60.    The Sheriff's and deputies use of objectively unreasonable and excessive force as set out is in accordance with Defendant, Harris County's policies, procedures, practices, and customs relating to the use of force and, according to Sergeant Jones and Sergeant Coker, at all material times, the individual agents and officers were following the policies, procedures, customs and practices of Defendant County's Sheriff's Department and were acting under color of law.  Defendant, Harris County's deficient customs, policies, procedures and practices relating to use of force amount to a conscious disregard of and deliberate indifference to citizens' rights not to be subjected to unlawful detention and/or use of excessive force.  Further, the deficient customs, policies and/or practices are a direct and proximate cause of the unlawful detention and use of excessive force complained of herein.

Defendants' use of such force was objectively unreasonable and excessive under the circumstances. The deficient actual policies, procedures, practices and/or customs are a producing and proximate cause of the unwarranted use of force complained of herein.

61. The official policy endorsed and created by the Harris County policy makers amounted to Constitutional violations to Wayne Pratt resulting in the injuries he incurred and his death, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XV.

### SIXTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Harris County Informal Custom and Policy

62. Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

63. Harris County has an informal custom, practice or policy regarding the use of force and deadly force. The custom, practice or policy includes, but is not limited to:

- Allowing, encouraging, requiring and/or training officers to use Taser weapons, including dry or drive tasering, as well as hog-tying instead of using less obtrusive and/or harmful detention techniques.
- Allowing, encouraging, requiring and/or training officers to use Taser weapons and/or hog-tying in lieu of physical restraint and proper detention techniques.

- Allowing, encouraging, requiring and/or training officers to use Taser weapons and/or hog tying rather than other less confrontational and less harmful methods.
- Allowing, encouraging, requiring and/or training and supervising officers to use excessive force as a first resort rather than training officers to assess the totality of circumstances in an objectively reasonable manner.

64.    As part of the culture, custom and practice of the Harris County Sheriff's Department, deputies are trained to assess situations in what is referred to as an "action/reaction" motive.  Deputies are trained and expected to use excessive or deadly force before a person has a chance to act and consequently Harris County Sheriff's Department relies on excessive force as a primary law enforcement tool when faced with a person who may be acting in any unusual way.

65.    As a direct cause and result of these Constitutional violations by Harris County of Wayne Pratt's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XVI.

## SEVENTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment violations-Harris County Unofficial Policy, Custom or Practice: Failure to Train

66.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

67.   Harris County, by and through the Harris County Sheriff's Department and Sheriff Adrian Garcia, Sergeant Jones, Sergeant Coker, and John Doe employees has an inadequate policy of training deputies regarding the following areas of law enforcement:

- The use of Taser weapons.
- Good detention procedures.
- The management and detention of those with physical injuries and/or intoxication.
- The use of excessive and/or deadly force.
- The use of supplemental restraints.
- The management, detention and/or transport of restrained individuals.
- Preventing sudden in-custody death.

68.   The Harris County Sheriff's Department's policy of improper and inadequate training of deputies in the treatment of detainees, the proper use of Taser weapons, as well as the proper arrest and detention procedures, particularly for those with physical injury and/or intoxication, and the use of deadly force resulted in the constitutional deprivations and damages alleged herein by Plaintiff.

69.   As a direct cause and result of these Constitutional violations by Harris County of Wayne Pratt's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XVII.

## EIGHTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Harris County Unlawful Policy, Custom or Practice: Failure to Supervise

70.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

71.    Harris County, by and through the Harris County Sheriff's Department and Sheriff Adrian Garcia, Sergeant Coker, Sergeant Jones, and John Doe employees has an inadequate policy for supervising officers and/or inadequate supervision regarding the following areas of law enforcement:

- The use of Taser weapons.
- Good arrest procedures.
- The management, detention and transportation of those with bodily injuries and/or drug use.
- The use of excessive and/or deadly force.
- The use of supplemental restraints.
- The management, detention and/or transport of restrained individuals.
- Prevention of sudden in-custody death.

72.    The Harris County Sheriff's Department's policy of improper and inadequate supervision of deputies in the treatment of detainees, the proper use of Taser weapons, the proper arrests and detention procedures particularly for those with physical injury and/or intoxication, the use of supplemental restraints, prevention of sudden in-custody

death, and the use of excessive force resulted in the constitutional deprivations and damages alleged herein by Plaintiff.

73.    The actions and/or omissions of individual Defendants' supervisors, including those of Sheriff Adrian Garcia, Sergeant Jones, Sergeant Coker, and John Doe policymakers and supervisors and/or other individual Defendants, can be characterized as supervisory encouragement or acquiescence in the use of excessive force and/or gross negligence amounting to deliberate indifference.  This grossly inadequate supervision resulted from and was caused by Defendants' deliberate indifference to the rights of individuals not to be subjected to deprivation of their constitutional rights.  Such inadequate supervision was a direct and proximate cause of the death of Wayne Pratt.

74.    As a direct cause and result of these Constitutional violations by Harris County of Wayne Pratt's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XVIII.

## NINTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Ratification

75.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

76.    Harris County, by and through the Harris County Sheriff's Department, Sheriff Adrian Garcia, Sergeant M. Coker, Sergeant E. M. Jones, and John Doe employees of the Harris County Sheriff's Department were authorized policy makers that approved and/or ratified the conduct of the Defendant deputies in that one or more authorized policymaker(s) for the county approved of the decisions of such deputies and the basis for them, thus making the county responsible for such conduct.

77.    As a direct cause and result of these Constitutional violations by Harris County of Wayne Pratt's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XIX.

## TENTH CLAIM FOR RELIEF

### Texas Law Claims-Survival, Wrongful Death

78.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

79.    Pursuant to the provisions of TEX. CIV. PRAC. & REM. CODE §§ 71.002, 71.021, and the Texas Tort Claims Act, Defendant Harris County is liable for the actions of its employees, including its agents and officers, in the negligent actions toward Wayne Pratt, in that their

26

negligence was carried out through the use of tangible property, including the TASER weapons, as well as the handcuffs and the supplement restraint used to hog tie Wayne Pratt.

80.    Plaintiff is entitled to recover damages against Defendants as a statutory wrongful death beneficiary for the wrongful death of Wayne Pratt because Defendants caused Wayne Pratt's wrongful death by the Defendants' wrongful acts, negligent, carelessness, unskillfulness, or default.    Defendants are liable for Wayne Pratt's wrongful death because: (1) the Defendants owed Plaintiff and her son a duty, (2) the Defendants breached that duty, and (3) the breach proximately resulted in damages.

81.    Plaintiff hereby sues for her actual damages, including but not limited to, mental anguish and loss of companionship and society, pre-judgment and post-judgment interest and costs, all in excess of the minimum jurisdictional limits of this Court.  In this regard, Plaintiff will also show that she was deprived of her due process right to be free from state interference with her parent-child relationship by the acts of all Defendants, and therefore, is entitled to recover her damages from defendants.

82.    As a representative of the estate of Wayne Pratt, Erony Pratt further asserts a survival claim against Defendants for the damages caused to Wayne Pratt, including but not limited to, the mental anguish

suffered by Wayne Pratt as a result of the Defendants' wrongful acts, funeral expenses, pre-judgment and post-judgment interest as allowed by law and costs, all in excess of the minimum jurisdictional limits of this Court.

## XX.

### Damages

83.   The Defendants' actions and omissions related to his Petition were tortuous, wrongful, objectively unreasonable, deliberately indifferent, negligent, grossly negligent, oppressive, malicious, reckless, and outrageously indifferent to a highly unreasonable risk of harm, consciously indifferent to Wayne Pratt's health, safety, and welfare, in reckless disregard of Wayne Pratt's rights, motivated by evil motive or intent, and recklessly or callously indifferent to Wayne Pratt's federally protected rights; and said actions and omissions directly and proximately caused Wayne Pratt's injuries and death.

84.   Defendants are liable to Plaintiff for actual damages and compensatory damages, together with a statutory attorney's fee as authorized by 42 U.S.C. §§ 1988 and Plaintiff prays for judgment against Defendants for actual damages, compensatory damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief in an amount in excess of the minimum jurisdiction of this court, as well as for pre-judgment and

post-judgment interest at the lawful rate, and for such other relief as the Court deems just and proper.

85.    The Defendants knowingly or recklessly endangered the life of Wayne Pratt.  All of these actions were done in conscious disregard for the safety and well being of Wayne Pratt.

86.    Defendant Deputies Medina, Lopez, Goldstein, Wilks, Salazar, Goerlitz, Lobos, Auzene, and DeAlejandro acted willfully, intentionally, or with a reckless and callous indifference to the civil rights of Wayne Pratt.   These Defendants are liable for exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court.

87.    This cause of action is brought to recover damages for the injuries sustained, including but not limited to the wrongful death of Plaintiff's son, and the damages Plaintiff suffered as a direct result of the deprivation of Wayne Pratt's civil rights, and the damages that Plaintiff individually suffered, under the terms and provisions of the laws and statutes of the United States, and the State of Texas.

## XXI.

## Joint and Several Liability

88.    Defendants are jointly and severally liable.  Defendants acts described herein were tantamount to a joint enterprise whereby each defendant was acting in concert with the other.

## XXII.

### Demand for Jury

89.    Plaintiff respectfully requests a trial by jury.

WHEREFORE, Plaintiff prays for judgment consistent with the allegations in this Complaint against Defendants for actual damages, compensatory damages, statutory attorneys fees pursuant to 42 U.S.C.§ 1988 for the civil rights counts in this Complaint, punitive damages against the individual Defendants for the civil rights counts in this Complaint, punitive damages for the Texas law claims, attorney fees, expert fees, all costs, expenses, appropriate equitable relief, for interest at the highest lawful rate, and for other relief as the Court deems just and proper.

Respectfully submitted,

TIMOTHY HOOTMAN
Federal I.D. No. 12331
SBN 09965450
2402 Pease Street
Houston, TX 77003
713.247.9548
713.583.9523 (fax)
Email: thootman@yahoo.com

**ATTORNEY FOR PLAINTIFF,
ERONY PRATT, INDIVIDUALLY**

30

**MAKRIS LAW FIRM, P.C.**

**VICTOR N. MAKRIS**
Federal I.D. No. 7869
State Bar No. 12853500
9898 Bissonnet, Suite 100
Houston, Texas 77036
713.526.9966
713.988.7804-facsimile
**ATTORNEYS FOR PLAINTIFF
ERONY PRATT, AS
REPRESENTATIVE OF THE
ESTATE OF WAYNE PRATT,
DECEASED**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following attorneys in compliance with the Federal Rules of Civil Procedure:

F. Clinton Gambill, II
Mary E. Baker
Vince Ryan
Harris County Attorney
1019 Congress, 15th Fl
Houston, TX 77002

R. Burton "Burt" Springer
3605 Katy Frwy, Ste 103
Houston, TX 77007

Date: 9-10-12

TIMOTHY A. HOOTMAN